ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Recurrido<br><br>v.<br><br>**WILLIAM AVILÉS GONZÁLEZ**<br><br>Peticionario | KLCE202300456 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Criminal Núm.: **D VI2020G0006 y otros**<br><br>Art. 93 Grado de Asesinato 1er grado, Inciso A |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Pagán Ocasio y la Juez Barresi Ramos.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de abril de 2023.

Mediante un recurso de *certiorari* presentado el 26 de abril de 2023, comparece William Alexis Avilés González (peticionario) y solicita que revisemos la *Resolución* notificada por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón, el 21 de abril de 2023. Mediante la decisión recurrida, el foro *a quo* declaró testigo no disponible al Sr. Luis Enrique González Martínez (González Martínez), coacusado en el caso de epígrafe. Consecuentemente, admitió en evidencia la grabación del testimonio que vertió el referido testigo de cargo en la vista preliminar, como excepción a la regla general de exclusión de prueba de referencia al amparo de la Regla 806(b)(1) de Evidencia, *infra*

Junto a su recurso, Avilés González instó una moción en auxilio de jurisdicción, la cual declaramos no ha lugar.

Por los fundamentos que expondremos a continuación, resolvemos denegar la expedición del auto de *certiorari.*

Número Identificador
RES2023 _____

I

Por hechos ocurridos en septiembre de 2019, el Ministerio Público radicó cargos por Asesinato en Primer Grado, Tentativas de Asesinato y violaciones a la Ley de Armas en contra de Avilés González, Keishla Pérez Bigio, y González Martínez. El coacusado González Martínez estipuló con el Ministerio Público un acuerdo de cooperación y una alegación preacordada de culpabilidad bajo la Regla 72(d) de Procedimiento Criminal. Además, el aludido coacusado compareció, en calidad de testigo del Ministerio Público, a la vista preliminar del caso de epígrafe, la cual se celebró el 9 y 10 de marzo de 2020. Durante la vista, la defensa de los coacusados pudo contrainterrogar a González Martínez.

Tras varios trámites relacionados con la representación legal de González Martínez, la continuación del juicio en su fondo de Avilés González y Pérez Bigio se calendarizó para el 17 de abril del año en curso. Ese día, el testigo González Martínez manifestó, desde antes de tomársele juramento, que no declararía. Respondió ciertas preguntas introductorias hechas por el Ministerio Público, pero luego expresó que no recordaba, no podía contestar o simplemente que no iba a declarar. Ello, incluso cuando se le mostró su declaración jurada y cuando se le presentaron varios *exhibits*. Ante la negativa del testigo, el Ministerio Público requirió al tribunal que le ordenara a este responder las preguntas formuladas. Sin embargo, el foro primario no accedió a dicho petitorio, bajo el fundamento de que del contenido del documento del cual surgían las preguntas este podía autoincriminarse, pues González Martínez no solo era testigo sino también acusado por los mismos hechos.

Lo anterior provocó que el tribunal auscultara las razones de la negativa de González Martínez en prestar su testimonio y en esa encomienda le explicó sus derechos como acusado y como testigo. Por entender que el testigo estaba claro en que no declararía en el

juicio, el foro *a quo* determinó que este era un testigo no disponible. El abogado de González Martínez no estuvo de acuerdo y manifestó que el tribunal no podía comentar el silencio de su representado.[1] En el contrainterrogatorio, el testigo se sostuvo en que no declararía. En consecuencia, el Ministerio Público le solicitó al tribunal que declarara a González Martínez como testigo no disponible y requirió que se sustituyera su testimonio con el vertido por este durante la vista preliminar. La defensa objetó dicha petición.

El 18 de abril de 2023 se llevó a cabo una vista argumentativa. El Ministerio Público sostuvo sus solicitudes amparándose en las Reglas 806 (a)(l) y 806(b)(1) de Evidencia. A su vez, pidió que se admitiera la declaración jurada prestada por González Martínez, pues, en la vista preliminar, las representaciones legales de los coacusados Avilés González y Pérez Bigio tuvieron oportunidad de contrainterrogarlo sobre el contenido del documento. Esto último lo solicitó al palio de la Regla 902(b)(4) de Evidencia. Se arguyó que lo requerido por el Ministerio Público no procedía, toda vez que el privilegio de no autoincriminarse nunca fue propiamente invocado.

Por su parte, la defensa de Pérez Bigio expresó que el único inciso que podría aplicar en la situación de autos era la que dispone la Regla 806(a)(2) de Evidencia. El abogado de Avilés González discutió que, si se permitía la sustitución del testimonio solicitada por el Ministerio Público, se violentaría su derecho de confrontar a González Martínez porque este último no estuvo sujeto a contrainterrogatorio. El Ministerio Público insistió en que González Martínez reclamó el privilegio a la no autoincriminación al momento de negarse a responder las preguntas formuladas, lo cual tuvo el efecto de que su testimonio no estuviera disponible.

---

[1] En un momento dado, el Lcdo. Carlos Beltrán Meléndez, abogado de Pérez Bigio, expresó que González Martínez levantó su privilegio de no autoincriminación.

Llegado a este punto, el TPI dictó la *Resolución* que hoy revisamos. Mediante esta determinó que en el presente caso concurren los requisitos de la Regla 806 (a)(1) de Evidencia, *infra*, que permiten que González Martínez sea declarado testigo no disponible. En consecuencia, admitió el audio de la vista preliminar como excepción a la regla general de exclusión de prueba de referencia, al amparo de la Regla 806(b)(1) de Evidencia, *infra*. Sobre el particular, expresó, en lo pertinente, lo siguiente:

> El señor González Martínez, conocía sus derechos, los entendía y conocía en qué consistía el convenio con el Estado, y así como en un momento dado decidió declarar en el inicio del proceso, también decidió negarse a hacerlo y manifestándolo repetidamente, para que sus contestaciones no fueran usadas en su contra. Al no cumplir con su parte del convenio de cooperación, González Martínez ya tenía claro que todo lo que él dijera le autoincriminaría y así lo dejó manifestado cuando le expresó al tribunal que el entendía, pero que no iba a declarar más.
>
> [...] El tribunal en todo momento entendió que el Ministerio Público tenía que completar su interrogatorio directo, a pesar de que González Martínez respondiera en la negativa a las preguntas formuladas.

De igual manera, el tribunal concluyó que la negativa de González Martínez de responder las preguntas del Ministerio Público se basó en el privilegio de la no autoincriminación que le cobija. Puntualizó que no ordenó que el referido testigo respondiera las preguntas para "no violentar el derecho que le acompañaba mientras estuvo en la silla de los testigos.". Estableció que el testimonio ofrecido por González Martínez en la vista preliminar es permisible bajo la Regla 806(b)(1) de Evidencia, *infra*. Ello, toda vez que el mismo fue bajo juramento y fue ampliamente contrainterrogado por los abogados de los coacusados Avilés González y Pérez Bigio.[2]

---

[2] Con relación a la solicitud de que la declaración jurada prestada por González Martínez, la cual le fuera entregada a los abogados de los coacusados Pérez Bigio y Avilés González en la vista preliminar, fuera admitida en su totalidad como prueba sustantiva, el TPI entendió que esta no procedía. Lo anterior, por no constituir un documento que pueda autenticarse *prima facie* y la solicitud ser

En desacuerdo con la decisión del foro primario, Avilés González se unió a la solicitud de reconsideración instada por Pérez Bigio, pero esta fue denegada.[3] Ante ello, comparece oportunamente ante nosotros mediante recurso de *certiorari* y alega que el TPI cometió el siguiente error:

1. Erró el Honorable Tribunal de Instancia al declarar TESTIGO NO DISPONIBLE al asesino confeso Luis González Martínez y permitir que bajo la Regla 806(A)(1) de Evidencia, se admita el testimonio que prestó en la vista preliminar, cuando nunca levantó en el juicio, su derecho a no incriminarse, nunca lo levantó su representación legal, nunca se le apercibió que de no declarar podía ser [encontrado] incurso en desacato y que nunca fue confrontado con la grabación de su testimonio en vista preliminar. Todo ello en clara violación al derecho constitucional a la confrontación del imputado.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho…". Ante ello, prescindimos de la comparecencia de la Oficina del Procurador General de Puerto Rico, en representación del Pueblo de Puerto Rico.

II

La Constitución de Estados Unidos garantiza el derecho que tienen todos los acusados de delito a confrontar los testigos que se presenten en su contra durante cualquier proceso criminal. Enmda. VI, Const. EE. UU., LPRA, Tomo 1. Por igual, la Constitución de Puerto Rico reconoce un derecho similar al disponer que los acusados tendrán derecho a "carearse con los testigos de cargo" en procedimientos criminales. Art. II, Sec. 11, Const. de PR, LPRA, Tomo 1, ed. 2008, pág. 34. En *Pueblo v. Zeno Torres*, Opinión del 16 de diciembre de 2022, 2022 TSPR 149, 211 DPR __(2022), el

---

contraria a lo resuelto por nuestro Tribunal Supremo en *Pueblo v. Zeno Torres*, Opinión del 16 de diciembre de 2022, 2022 TSPR 149, 211 DPR __(2022).
[3] *Orden* emitida y notificada el 24 de abril de 2023.

Tribunal Supremo de Puerto Rico destacó que "el fundamento principal para la exclusión de prueba de referencia es la falta de oportunidad para contrainterrogar".[4]

Así, sabido es que la prueba de referencia es definida como toda aquella declaración que no sea la que la persona declarante hace en el juicio o vista, que se ofrece en evidencia para probar la verdad de lo aseverado. Como regla general, este tipo de evidencia es inadmisible en los procesos judiciales. Reglas 801(c) y 804 de Evidencia, 32 LPRA Ap. VI, R. 801(c) y 804. Su exclusión se debe a la falta de oportunidad de la parte adversa en contrainterrogar al declarante, los riesgos que ella representa en cuanto a la narración del evento, percepción, recuerdo del acontecimiento y sinceridad del declarante. *Pueblo v. Santiago Colón,* 125 DPR 442, 446 y 449 (1990) (Sentencia, Opinión concurrente del Juez Negrón García); *Pueblo v. García Reyes*, 113 DPR 843, 853 (1983). En otras palabras, es claro que dicha prueba lesiona el derecho que tienen las partes a confrontarse con la evidencia que se presente en su contra. *P.N.P. v. Rodríguez Estrada, Pres. C.E.E.*, 123 DPR 1, 34-35 (1988).

A pesar de lo anterior, la Regla 802 de Evidencia, 32 LPRA Ap. VI, R. 802, expone que:

> [N]o se considerará prueba de referencia una declaración anterior si la persona declarante testifica en el juicio o vista sujeto a contrainterrogatorio en relación con la declaración anterior y ésta hubiera sido admisible de ser hecha por la persona declarante en el juicio o vista, y:
>
> > (a) Es inconsistente con el testimonio prestado en el juicio o vista y fue dada bajo juramento y sujeta a perjurio;
> > (b) es consistente con el testimonio prestado en el juicio o vista y se presenta con el propósito de refutar una alegación expresa o implícita contra la persona declarante sobre fabricación reciente, influencia o motivación indebida, o
> > (c) identifica a una parte o a otra persona que participó en un delito o en otro suceso, se hizo en el momento en que el delito o suceso estaba fresco

---

[4] Citando a E.L., *Derecho procesal penal de Puerto Rico y Estados Unidos*, Bogotá, Ed. Forum, 1992, Vol. 1, pág. 569.

en la memoria de la persona testigo y se ofrece luego de que la persona testigo haya testificado haber hecho la identificación y que ésta reflejaba fielmente su opinión en aquel momento.[5]

Ahora bien, como todo principio general, el mismo no es absoluto. Existen excepciones a la regla de exclusión de prueba de referencia, las cuales están reguladas por las Reglas 805 a la 809 de Evidencia, 32 LPRA Ap. VI, R. 805-809. Claro está, si ninguna de las circunstancias taxativamente enumeradas en los preceptos antes citados se configura, el foro de instancia deberá descartar la evidencia ofrecida.

Entre las excepciones se encuentran las declaraciones anteriores de un testigo no disponible. Véase, Regla 806 de Evidencia, 32 LPRA Ap. VI, R. 806. En lo aquí pertinente, dicho precepto establece:

(a) Definición; no disponible como testigo. - Incluye situaciones en que la persona declarante:

(1) Está exenta de testificar por una determinación del tribunal por razón de un privilegio reconocido en estas reglas en relación con el asunto u objeto de su declaración;

(2) insiste en no testificar en relación con el asunto u objeto de su declaración a pesar de una orden del tribunal para que lo haga;

(3) testifica que no puede recordar sobre el asunto u objeto de su declaración;

(4) al momento del juicio o vista, ha fallecido o está imposibilitada de comparecer a testificar por razón de enfermedad o impedimento mental o físico, o

(5) está ausente de la vista y quien propone la declaración ha desplegado diligencia para conseguir su comparecencia mediante citación del tribunal.

No se entenderá que una persona declarante está no disponible como testigo si ello ha sido motivado por la gestión o conducta de quien propone la declaración con el propósito de evitar que la persona declarante comparezca o testifique.

(b) Cuando la persona declarante no está disponible como testigo, es admisible como excepción a la regla general de exclusión de prueba de referencia lo siguiente:

---

[5] Véase, demás, *Pueblo v. Santiago Colón*, supra, a la pág. 449.

(1) Testimonio anterior. - Testimonio dado como testigo en otra vista del mismo u otro procedimiento, en una deposición tomada conforme a Derecho durante el mismo u otro procedimiento. Ello si la parte contra quien se ofrece ahora el testimonio - o un predecesor en interés si se trata de una acción o procedimiento civil - tuvo la oportunidad y motivo similar para desarrollar el testimonio en interrogatorio directo, contrainterrogatorio o en redirecto.

[...]

Sobre el asunto de las declaraciones anteriores como prueba sustantiva, el Tribunal Supremo de Puerto Rico expuso en *Pueblo v. Zeno Torres*, supra:

> Ahora bien, la Regla 802 (a) de las Reglas de Evidencia, *supra*, permite que se pueda traer prueba de declaraciones anteriores como prueba sustantiva, siempre que la declaración anterior fuera bajo juramento sujeto a perjurio, y sea inconsistente con el testimonio vertido en corte. Además, cabe señalar que una declaración anterior de un testigo será admitida como prueba sustantiva siempre y cuando pueda haber una confrontación con el declarante. En otras palabras, el testigo debe encontrarse presente al momento de ofrecerse en evidencia la declaración anterior en el tribunal sujeto a ser contrainterrogado en relación con la declaración anterior y en cuanto a sus declaraciones presentes. Así, pasamos a interpretar los requisitos presentados en la Regla 802(a) de las Reglas de Evidencia, *supra*.

### III

En esencia, el peticionario aduce que el TPI cometió un abuso de discreción al determinar que el testigo González Martínez era uno no disponible. Añade que la juzgadora de los hechos no podía reclamar el derecho a la no autoincriminación del testigo, ni inferirlo de manera festinada, aun cuando, ni el testigo, ni su abogado lo exigió. Alega que nunca se le advirtió al testigo sobre su obligación de declarar, ni se le apercibió sobre el delito de desacato. Destaca que González Martínez nunca explicó sus razones para no declarar en el juicio. Particulariza que el aludido testigo es el único que relaciona a los otros coacusados con los hechos del caso y en el juicio -no en testimonios anteriores- no declaró nada en su contra, ni estuvo sujeto a ser confrontado.

Un examen ponderado del expediente nos lleva a concluir que no le asiste la razón al peticionario.

Es un hecho claro que el testigo de cargo y coacusado González Martínez se negó categóricamente a declarar durante el juicio en su fondo del peticionario. Analizada la línea de preguntas efectuada por el Ministerio Público resolvemos que este sentó las bases para poder considerar a González Martínez como uno no disponible una vez decidió no declarar. El testigo en cuestión fue explícito al contestar todas las preguntas con que "no declararía" o "no recordaba".

Enfrentado a esta situación, el tribunal de instancia ejerció prudencia e intervino con González Martínez para explorar las razones por las cuales este se negaba a ofrecer su testimonio. De hecho, la Jueza le explicó los derechos que como acusado y testigo le asistían. Este reconoció haber entendido y no tener duda sobre el proceso. No obstante, a las múltiples preguntas que le realizó la Jueza, González Martínez respondió: "no puedo contestar", "no recuerdo" y "no voy a seguir declarando". Ello provocó que el tribunal lo catalogara como un testigo no disponible.

Así las cosas, somos del criterio que la determinación del foro primario no es contraria a derecho, ni se cometió un abuso de discreción al dictar la *Resolución* recurrida, por lo que no intervendremos con esta. Del expediente se desprende que González Martínez no está disponible por insistir en no testificar y expresar que no puede recordar en relación con el asunto u objeto de su declaración, al palio de la Regla 806(a)(2) y (3) de Evidencia, *supra.* Su testimonio fue ofrecido en la vista preliminar, bajo juramento, por un motivo idéntico a las causas del caso de epígrafe. Particularmente, González Martínez estuvo sujeto a la intervención de los letrados que representaban al peticionario y a la coacusada Pérez Bigio, quienes tuvieron oportunidad de contrainterrogarlo.

Precisamente, lo que exige nuestro ordenamiento jurídico es que el declarante estuvo sujeto a la confrontación en otra vista del mismo u otro procedimiento.

En suma, concluimos que mediante la presentación en el juicio en su fondo de la regrabación del testimonio anterior del testigo no disponible González Martínez no se le violenta al peticionario su derecho a la confrontación.

IV

Por las consideraciones que preceden, denegamos la expedición del auto de *certiorari*. Se devuelve, por tanto, el caso de epígrafe al TPI para que se continúe con los procedimientos cónsono con lo aquí resuelto.

Notifíquese **inmediatamente**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones